**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**In re:**
                                                        CASE NO. 05-80001

**PETER G. SCHLITZER,**

                    *Pro Se* **Debtor.**       **DECISION & ORDER**

_____

### BACKGROUND

On October 20, 2005, Peter G. Schlitzer (the "Debtor") filed a *pro se* petition initiating a Chapter 13 Case. The Debtor failed to file the Schedules and Statements required by Section 521 and Rule 1007, his Chapter 13 Monthly and Disposable Income Form or a Chapter 13 Plan. On November 2, 2005, George M. Reiber, the standing Chapter 13 Trustee (the "Trustee"), filed a Motion (the "Motion") under 11 U.S.C. § 362(h)(2), a new Code provision under the recently enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

In the Motion, the Trustee requested that the Court enter an Order extending the automatic stay and determining that all property of the Debtor continued to be property of the estate beyond the time limits imposed by Section 362(h).[1]

---

[1]     Section 362(h) provides that:

    (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal

**BK. 05-80001**

Section 362(h) provides that if an individual debtor's statement of intention is not filed as required by 11 U.S.C. § 521(a)(2),[2] then the automatic stay with respect to personal

---

> property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.
>
> (2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C. 362(h) (2005).

[2] Section 521 provides, in part, that:

> (a) The debtor shall–
>
> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate--
>
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

property that secures a claim will be terminated and such property will no longer be property of the estate.

The Motion asserted that: (1) Section 362(h) was unreasonable because before the 30-day time limit provided for in Section 521 expired, a Chapter 13 trustee would not normally have had the opportunity at a 341 meeting to adequately investigate both the value of personal property listed in the Schedules or the validity and the extent of any alleged liens; (2) the situation was further exacerbated in this case where the Debtor had not filed any Schedules, making it impossible for the Trustee to conduct any investigation prior to the expiration of the time limit; (3) the Trustee brought the Motion prior to the expiration of the time limit because, to the extent applicable, Section 362(h) requires that any such motion must be brought before the expiration of the time limit; and (4) the notice of the Motion was sent to all creditors, because in the absence of any Schedules, the Trustee did not have sufficient knowledge to form a belief as to whether there

---

(B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)[.]

11 U.S.C.A. § 521 (2005).

were any secured creditors, and, if there were, what, if any, collateral existed.

At a hearing held on November 16, 2005, the Trustee reaffirmed the arguments in his Motion and indicated that: (1) he initiated the Motion out of an abundance of caution so that the Court could make a determination as to whether the requirements imposed on a debtor under Section 521(a)(2) and the new Section 362(h) early stay termination applied to Chapter 13 debtors; and (2) he believed that the duties set forth in Section 521(a)(2) applied only to individual Chapter 7 debtors with property securing consumer debts.

## DISCUSSION

When the plain language of Section 521(a)(2), which specifically states " . . . within thirty days after the date of filing of a petition under chapter 7 of this title," is read together with Section 362(h), which refers specifically to the failure of a debtor to comply with the requirements of Section 521(a)(2), it is clear that the requirement that a debtor file a statement of intention applies only in cases filed under Chapter 7. *See, e.g.,* L. King, 6 Collier on Bankruptcy, § 362.10A at 362-119 (15th ed. 1998) (stating that although Section 362(h) is not by its terms limited to cases brought under Chapter 7, when read together

**BK. 05-80001**

with Section 521, it is clear that an early stay termination under Section 362(h) can occur only in a Chapter 7 case).

## CONCLUSION

The Trustee's Motion is denied. Section 362(h) is not applicable in a Chapter 13 case.

**IT IS SO ORDERED.**

> _____/s/_____
> **HON. JOHN C. NINFO, II**
> **CHIEF U.S. BANKRUPTCY JUDGE**

**Dated: November 17, 2005**